[No. 21360.   Department Two.   July 10, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Ida A. Williams, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondent.*[1]

[1] DEPOSITIONS (1-1)—ACTIONS IN WHICH MAY BE TAKEN—SUPPLE-
MENTARY PROCEEDINGS. Depositions may be taken in proceedings supplemental to execution under Rem. Comp. Stat., § 1231, authorizing depositions in any suit or proceeding commenced and pending in any court, in view of Rem. 1927 Sup., § 638-1, providing for the bringing in of new parties and the trial of title to any property in dispute in supplemental proceedings, and Rem. Comp. Stat., §§ 613, 615, 617, providing for hearings, trials, and production of witnesses.

Application filed in the supreme court June 4, 1928, for a writ of prohibition to the superior court for King county, Hall, J., to restrain the issuance of a commission to take depositions in supplementary proceedings. Denied.

*Chas. W. Johnson,* for relator.

*Robbins & Rickles,* for respondent.

MAIN, J.—The relator is here seeking a writ to prohibit the trial judge from issuing a commission to take the depositions of witnesses to be used in a proceeding supplemental to execution. In a cause entitled Nathan Levin v. Ida A. Williams in the superior court of King county, the plaintiff recovered a judgment against the defendant. Thereafter supplemental proceedings were instituted and three additional parties were brought in, one of whom was H. G. Royal. Upon the hearing, it developed that the defendant in the action had transferred to Royal a conditional sale contract covering a moving picture theatre in the city of Seattle for a purported consideration of $4,000. The plaintiff in

[1]Reported in 268 Pac. 1038.

that action disputed the validity of the transfer, and the issue was presented whether the contract was in fact the property of Royal or the defendant in the action. The plaintiff sought a commission to take the deposition of witnesses whose testimony it was claimed would be material to this issue. The trial court indicated that the commission would issue, but gave the defendant, the relator here, time in which to apply to this court for a writ of prohibition.

[1] The sole question is whether, under the statutes of this state, the superior court has the power to direct that a commission issue to take the deposition of witnesses in a proceeding supplemental to execution. It will be admitted that, if such power exists, it must be found in the statutes of this state. Rem. Comp. Stat., § 613 [P. C. § 7927], among other things, provides for a hearing in a proceeding supplemental to execution before the "judge granting the order or a referee appointed by him." Section 615 [P. C. § 7929], provides that, when it appears by affidavit or otherwise to the satisfaction of the judge that any person or corporation has personal property of the judgment debtor of the value of twenty-five dollars or over, or is indebted to him in that amount, the judge may make an order requiring such person or corporation, or an officer thereof, to appear at a specified time and place "before him, or a referee appointed by him." From these sections it appears that the hearing may be either before the judge or a referee appointed by him. If before the referee, he stands in the same position with reference to the proceeding as if it were heard before the judge entering the order authorizing the proceeding. Section 617 [P. C. §7931], provides that, upon the hearing, either party may be examined as a witness in his own behalf and "may produce and examine other witnesses as upon the trial of an

action." In other words, witnesses may be examined as upon the trial of an action either before the judge or the referee, depending upon which one the hearing is before. Rem. 1927 Sup., § 638-1; Laws of 1923, p. 516, provides that:

"In any supplemental proceeding, where it appears to the court that a judgment debtor may have an interest in or title to any real property, and such interest or title is disclaimed by the judgment debtor or disputed by another person, or it appears that the judgment debtor may own or have a right of possession to any personal property, and such ownership or right of possession is substantially disputed by another person, the court may, if the person or persons claiming adversely be a party to the proceeding, adjudicate the respective interests of the parties in such real or personal property, and may determine such property to be wholly or in part the property of the judgment debtor. If the person claiming adversely to the judgment debtor be not a party to the proceeding, the court shall by show cause order or otherwise cause such person to be brought in and made a party thereto, and shall set such proceeding for hearing on the first open date in the trial calendar. Any person so made a party, or any party to the original proceeding, may have such issue determined by a jury upon demand therefor and payment of a jury fee as in other civil actions; provided, that such person would be entitled to a jury trial if the matter was adjudicated in a separate action."

From this section it appears·that, where there is a dispute as to whether property belongs to the defendant in the action or to another person, such other person may be brought into the action as a party thereto and such proceeding shall be set for hearing: Upon this hearing, any person made a party, or any party to the original proceeding, may have "such issue determined by a jury upon demand therefor and payment of a jury fee as in other civil actions." Under

this section, the issue would be the title to the property in dispute. That issue would be tried, as in any other form of action involving a similar question, with the right as stated to a jury trial.

Rem. Comp. Stat., § 1231 [P. C. § 7726], in part provides that:

"The testimony of a witness may be taken by deposition, to be read in evidence in an action, suit, or proceeding commenced and pending in any court in this state, in the following cases:

"1. When the witness resides out of the county, and more than twenty miles from the place of trial;
. . ."

In the present case, the witnesses whose depositions were sought to be taken resided in Whatcom county, more than twenty miles from Seattle in King county. It will be observed that, by this section, the testimony of a witness may be taken by deposition in any action, suit or "proceeding commenced and pending in any court in this state." The hearing provided for in Rem. 1927 Sup., § 638-1, *supra,* is certainly, if not an action or suit, a proceeding commenced and pending. If it be such proceeding, then under the plain language of § 1231 the authority was given to issue a commission to take depositions in a proceeding supplemental to execution. It is true that nowhere in the statutes is it stated in so many words that, in a supplemental proceeding, the deposition of witnesses may be taken, but there is no escape from the conclusion that the statutes, properly construed, unequivocally give that right.

The relator relies to a considerable extent upon the cases construing New York statutes where it is held that in a proceeding supplemental to execution depositions cannot be taken. The statutes of that state are very different from those of this state. In ad-

dition to that, the courts of New York have repeatedly held that, under the statutes of that state, no right exists in a supplemental proceeding to try and determine conflicting claims to property. That right is expressly given in this state, as above indicated.

The writ will be denied.

FULLERTON, C. J., BEALS, and ASKREN, JJ., concur.